# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA LEE HUZJAK,**

        Plaintiff,

    v.                          Case No. 21-CV-1140

**KIM ELLIS, et al.,**

        Defendants.

## REPORT AND RECOMMENDATION

Before the court is plaintiff Debra Lee Huzjak's amended complaint. The court previously granted her Request to Proceed in District Court without Prepaying the Filing Fee but ordered her to submit an amended complaint. (ECF No. 4.) Because Huzjak has been granted leave to proceed without prepayment of the filing fee, the court must determine whether the amended complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Huzjak previously asserted jurisdiction based on the alleged diversity of citizenship of the parties. (ECF No. 1 at 5.) But she explicitly alleged that many of the defendants were, like her, citizens of Wisconsin. (ECF No. 1 at 2.) In her amended

complaint Huzjak alleges that the court has jurisdiction because she is alleging a violation of federal law. (ECF No. 5 at 7.)

Huzjak's amended complaint relates to at least two distinct series of events. First, Huzjak complains about three of her neighbors in an apartment building where she and her mother lived. These neighbors allegedly made threats to Huzjak and demanded money. (ECF No. 5 at 3.) They allegedly discriminated against "the aged, disabled, kids, & vets" (ECF No. 5 at 3) and "made racial, age, disability, & religious comments – derogatory" (ECF No. 5 at 4). Huzjak alleges that they broke into her apartment, stole papers, hacked into her bank account, and made reports that eventually led to a guardian being appointed for Huzjak's mother and her mother moving into a nursing home. (ECF No. 5 at 3-4.) Huzjak also seeks to sue the corporate owner of the apartment building and a person she identifies as the "mgr. – owner" (ECF No. 5 at 1), but it is unclear what these persons allegedly did.

The only conceivable federal cause of action that the court can recognize as being implicated in these allegations is a claim under the Fair Housing Act (FHA). However, "[n]either the FHA's text nor its legislative history indicates an intent to make 'quarrels between neighbors … a routine basis for federal litigation.'" *Bloch v. Frischholz*, 587 F.3d 771, 780 (7th Cir. 2009) (quoting *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 329 (7th Cir. 2004)). To state a claim under the FHA, the discriminatory conduct generally must be so pervasive and severe as to rise to the level

of constructive eviction. *Bloch v. Frischholz*, 587 F.3d 771, 777 (7th Cir. 2009) (discussing a claim under 42 U.S.C. § 3604(a)).

Huzjak does not allege that she ever personally experienced any sort of discrimination. Rather, she alleges only that she witnessed her three neighbors "discriminat[ing] to the aged, disabled, kids, & vets" and making "racial, age, disability & religious comments – derogatory." (ECF No. 5 at 3-4.) The closest she comes to alleging personal discrimination is when she alleges, "They did not like it my mother was aged & weak." (ECF No. 5 at 3.) But Huzjak does not connect this alleged age and disability animus to any conduct by her three neighbors. Even liberally construing her amended complaint as alleging that what Huzjak's neighbors allegedly did—breaking into her home, stealing her property, accessing her bank account, and calling the Department of Aging—were motivated by age and disability animus toward her mother, Huzjak would not state a claim under the FHA because she does not allege that they resulted in her actual or constructive eviction.

Even accepting that her neighbors initiated the chain of events that led to her mother moving out of the apartment and into a nursing home, that move was the result of independent actions by a social welfare agency. The neighbors' role is too attenuated to form a basis for liability. Moreover, given that the Department of Aging took action, there was obviously a basis for the neighbors' report. To hold that such a report could form a basis for liability under the FHA would be contrary to public policy because it

could dissuade good faith reports of endangerment of vulnerable persons. Finally, any claim that might exist would appear to be that of her mother, and Huzjak has not demonstrated that she is authorized to pursue a claim on behalf of her mother's estate. Thus, Huzjak has not alleged a plausible federal claim against her neighbors.

Huzjak also fails to allege any plausible federal claim against the corporate owner of the apartment building or the person she identifies as the "mgr. – owner." As noted, she does not allege how they were involved in any dispute she had with her neighbors. Therefore, the court will recommend that all these persons and entities be dismissed as defendants.

The second part of Huzjak's complaint relates to events that occurred after her mother moved into a nursing home under the care of a court-appointed guardian. Huzjak alleges that her mother "got sick with sepsis, seizures, immobility blood clots. She was given too much drugs … [which] caused serotonin syndrome that shut down her organs & led to her death." (ECF No. 5 at 4.) Huzjak seeks to sue an employee of the agency that was appointed as her mother's guardian, the owner of the guardianship agency, the nursing home, the hospital, the hospice, and the hospital's and hospice's parent entity. (ECF No. 5 at 1, 4.)

With respect to these defendants, the only federal cause of action that Huzjak alludes to is when she asserts, "These are violations of the 1st, 14th & other amendments in the constitution." (ECF No. 5 at 4.) Constitutional claims arise under 28

4

U.S.C. § 1983, which authorizes claims only for violations of constitutional rights done under color of state law. In other words, private wrongs cannot form the basis for constitutional claims.

The only persons and entities that conceivably may be state actors are the employee of the agency that was appointed as Huzjak's mother's guardian and the owner of the guardianship agency because the guardian was appointed by the state court. But the court need not decide whether either was plausibly a state actor because any claim against them otherwise fails. If they acted improperly and injured Huzjak's mother as a result, the claim belongs to Huzjak's mother (or more accurately, her mother's estate). *See Scully v. Goldenson*, 751 F. App'x 905, 908 (7th Cir. 2018) (citing Fed R. Civ. P. 17(a)(1); *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007)). Again, Huzjak has not shown that she is authorized to proceed on behalf of her mother's estate.

Insofar as Huzjak may be attempting to allege that the guardian's actions deprived her of a constitutional right she personally had in a relationship with her mother, any such claim fails because it would require the court to improperly intrude on matters resolved by or reserved to the state court and beyond the court's jurisdiction. *See Scully*, 751 F. App'x at 908 (discussing the *Rooker-Feldman* doctrine and the probate exception); *Struck*, 508 F.3d at 860 (discussing the probate / domestic relations exception).

Because the court has not identified in Huzjak's amended complaint any plausible federal claim over which the court has jurisdiction, it will recommend that her amended complaint and this action be dismissed.

**IT IS THEREFORE RECOMMENDED** that Huzjak's amended complaint and this action be dismissed.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of November, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge